This case was originally heard by the Deputy Commissioner in Charlotte, North Carolina on July 29, 1993 on the sole issue of whether the plaintiff's claim was barred by Section 97-24 of the Workers' Compensation Act.
The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. On May 25, 1989, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date(s) the employer-employee relationship existed between the parties.
3. As of said date(s) Aetna provided the coverage to the employer as provided under said Act.
4. That the plaintiff sustained an injury by accident arising out of and in the course of the employment with the defendant-employer on May 25, 1989.
5. On said date the plaintiff was earning an average weekly wage of $316.00.
6. That the only issue to be determined in this case is:
 a. Is the plaintiff's claim barred by the provisions of Section 97-24 of the North Carolina Workers' Compensation Act? At the hearing on July 29, 1993, the parties introduced the following exhibits:
1. Defendants' Exhibits 1 through 10, marked D1 through D10, consisting of ten documents from defendant-carrier's file on the plaintiff.
* * * * * * * * * *
The Full Commission adopt at their own all findings of fact found by the Deputy Commissioner with minor technical modifications and the addition of Finding of Fact Number 10, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. On May 25, 1989, the plaintiff sustained an injury to her head and left leg by accident arising out of and in the course and scope of the employment with the defendant-employer while performing her job when she fell off a box on which she was standing while watering some plants.
2. Thereafter and immediately, the plaintiff was taken to a local emergency room for medical care and treatment for her injuries and has continued to be medically treated for said injuries until the present time of this hearing on July 29, 1993.
3. As the result of the incident on May 25, 1989, the plaintiff was out of work 2 days in May 1989, 5 days in June of 1989 and the month of May of 1990.
4. The plaintiff's medical bills were paid by the defendants and in May of 1990, the defendant-carrier's claims representative came to the plaintiff's treating physician's office, met with her, and gave a her a check on the spot for $842.00 advising her that it was for four weeks of compensation for her injuries resulting from the incident on May 25, 1989.
5. Subsequently in about August of 1990, the defendants offered to settle the plaintiff's claim and when she did not accept the offered settlement advised her in writing on November 30, 1990 that permission from the Commission would be sought to close the plaintiff's file.
6. Following this turn of events, the plaintiff sought legal counsel and her representation in this matter was made of record by her counsel in a letter to the Commission with a copy to the defendants dated December 12, 1990.
7. Thereafter, the plaintiff through her counsel was again offered settlement of her claim and invited to discuss her claim further with the defendants.
8. On June 4, 1991, the communication from the defendants was finally acknowledged by plaintiff's counsel in a letter indicating that medical information was still being sought from the plaintiff's treating physicians.
8. Subsequent to June 4, 1991, there was no communication between the parties and apparently no activity until May 26, 1992, when plaintiff's counsel communicated with the Commission by letter dated May 26, 1992, in which he submitted a Form 33 Request for Hearing which was filed on May 29, 1992.
9. Other than the Form 33 filed on May 29, 1992, there has been no formal document or overt act on the part of the plaintiff to file a claim for her injuries under the North Carolina Workers' Compensation Act with the North Carolina Industrial Commission or the defendants during the period from May 25, 1989 to May 29, 1992.
10. Defendants did pay medical bills and the four weeks of compensation. However, there was never any type of Form 21 Agreement or other admission of liability on behalf of defendants. Furthermore, there is no indication that defendants in any way lulled plaintiff into any false sense of security as to her claim and, in fact, by the letter of November 30, 1990, advised that they intended to close the plaintiff's file and thus would not be paying further compensation. This was clearly within the two-year period. It is also noted that plaintiff was represented by legal counsel within the two-year period.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. In view of the fact that as of December 12, 1990 the plaintiff was represented by counsel, was no longer dealing on a one on one basis with the defendants, but at arms length, the defendants after said date of December 12, 1990 no longer had any duty to concern itself with the plaintiff's interests, if in fact it had such a duty before, and there was time from said date of December 12, 1990 until May 25, 1991 within which the plaintiff had time to have filed or asserted a formal notice of claim with the Commission or the defendants to meet the requirements of 97-24
of the Act, the undersigned are of the opinion and conclude as a matter of law that the defendants are not estopped from asserting the defense of the two year statute of limitations as set out in Section 97-24 of the Act.
There is no convincing evidence of record of any misrepresentations, reliance by the plaintiff, etc., which could give rise to an estoppel defense. It is clear that plaintiff knew within the two-year period that she would be receiving no more compensation from defendants and that plaintiff retained counsel during the two-year period and thus was not lulled into any false sense of security by believing that defendants would be taking care of her forms, etc., until the two-year period had already run.
2. In view of the above and the further fact that the plaintiff filed no notice of claim with the Commission or the defendants until said date of May 29, 1992, more than three years from the date of injury on May 25, 1989, the undersigned are of the opinion and find as a conclusion of law that the plaintiff has failed to comply with the provisions of Section 97-24 of the Act and her claim is barred by said provision.
3. Although the plaintiff has sustained an injury by accident arising out of and in the course of her employment with the defendant-employer, she is barred by said Section 97-24 of the Act in further asserting her claim for compensation or benefits against the defendants.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. The plaintiff's claim for compensation and benefits under the provisions of the North Carolina Workers' Compensation Act is DENIED AND DISMISSED for want of jurisdiction of the North Carolina Industrial Commission to hear same.
2. Each party shall bear its own costs.
This the __________ day of ________________________, 1995.
 S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ __________________ J. RANDOLPH WARD COMMISSIONER
S/ __________________ TAMARA R. NANCE DEPUTY COMMISSIONER
JHB/nwm 01/17/95